# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE HARRIS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KENT CLARK, Warden<br><br>　　　　Respondent. | 1:10-cv-00450-LJO-SMS (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2244(b) |

　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　In the instant petition filed on , Petitioner challenges his 1994 convictions in Fresno County Superior Court for first degree murder with special circumstances, attempted murder, robbery, personal use of a firearm, and infliction of great bodily injury.  Petitioner is currently serving a sentence of life without the possibility of parole plus 22 years.  A review of the Court's dockets and files reveals Petitioner has previously sought habeas corpus relief with respect to his 1994 conviction.[1]  In case number 1:98-cv-5145 REC SMS P, the petition was denied on the merits and judgment was entered in favor of the Warden.

///

---

[1] The Court takes judicial notice of the docket in case no. 1:98-cv-5145 REC SMS P.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.) (judicial notice may be taken of court records).  In addition, Petitioner filed a subsequent habeas corpus petition in this Court on April 25, 2007, in case number 1:07-cv-00626 OWW NEW (DLB) HC, which was dismissed as successive on August 14, 2007.

DISCUSSION

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition challenging his conviction. That being so, this Court lacks jurisdiction to review Petitioner's renewed application for relief form that conviction under Section 2254, and the petition must be dismissed. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991. If Petitioner desires to proceed in bringing

1  ///

2  this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit. See
3  28 U.S.C. 2244(b)(3).

4  RECOMMENDATION

5  Based on the foregoing, it is HEREBY RECOMMENDED that:

6  1.  The instant petition for writ of habeas corpus be DISMISSED without prejudice
7  as a successive petition.

8  This Findings and Recommendation is submitted to the assigned United States District
9  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the
10 Local Rules of Practice for the United States District Court, Eastern District of California.
11 Within thirty (30) days after being served with a copy, any party may file written objections with
12 the court and serve a copy on all parties.  Such a document should be captioned "Objections to
13 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
14 and filed within fourteen (14) days after service of the objections.  The Court will then review the
15 Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that
16 failure to file objections within the specified time may waive the right to appeal the District
17 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22 IT IS SO ORDERED.

23 **Dated:   July 2, 2010**                    /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE